Gaddy v. Gaddy

---

KATHY L. GADDY v. JERRY L. GADDY

No. 7227DC69

(Filed 26 April 1972)

1. **Divorce and Alimony §§ 21, 23— contempt of court — inability to pay — reduction of support payments**

   The trial court's findings support the court's conclusion that defendant should not be held in contempt for failure to make payments required by court order for alimony *pendente lite,* child support and attorney's fees because such failure resulted from defendant's inability to pay, and support the court's order reducing the payments to be made by defendant for child support from $40 per week to $17.50 per week.

2. **Divorce and Alimony § 24— visitation privileges**

   Finding that defendant is a fit and proper person to have the exclusive care and custody of the child of the parties supports the court's order giving defendant visitation privileges.

Gaddy v. Gaddy

APPEAL by plaintiff from *Mahoney, District Judge,* 20 September 1971 Session of District Court held in GASTON County.

This is a civil action for alimony without divorce, custody of a minor child, and counsel fees heard on an order for defendant to show cause why he ought not to be adjudged in contempt for willfully violating the former order of the court requiring him to pay alimony *pendente lite,* support for minor child and attorney's fees.

The defendant filed an answer to the motion praying that the order requiring him to pay alimony *pendente lite,* child support, and counsel fees "be changed and modified to the extent that he can comply with the Order. . . . " After hearing, the court made findings and conclusions which, except where quoted, are summarized as follows: The plaintiff and defendant are husband and wife living in a state of separation, and one child, Barbara Faye Gaddy, age 2, now in custody of plaintiff, was born of the marriage. In March 1971, the plaintiff abandoned the defendant, took the child, and went to Atlanta, Georgia, returning to North Carolina nine days later to take up residence with her aunt and uncle in Bessemer City, North Carolina. The plaintiff, 20 years of age, was raised by her aunt and uncle who have never requested support from her. After returning to North Carolina, the plaintiff went to work with North American Mills. Her take-home pay is approximately $83 a week. Plaintiff contributes nothing toward the child's support except payment of medical expenses. This action for alimony without divorce, custody and support for minor child and counsel fees was filed in the District Court on 5 May 1971 and an order requiring the defendant to appear on 13 May 1971 and show cause why he ought not to be required to pay alimony *pendente lite,* support for his minor child and counsel fees was served on the defendant who borrowed money from his sister and employed counsel in Shelby, North Carolina. The copy of the summons and complaint served on the defendant did not contain a date as to when the defendant was to appear. Although the defendant went to the eighth grade in school, he is illiterate with limited intelligence and did not know when he was to appear. On 13 May 1971, after neither defendant nor his attorney appeared, the district court awarded the custody of the minor child to the plaintiff and ordered "the defendant to pay into the office of the Clerk of Superior Court of Gaston County each week the

sum of $40.00 for the use and benefit of the plaintiff and the minor child. . . . " When the defendant received a copy of this order, he immediately took it to his attorney who filed a motion to set aside the order on the basis that the defendant did not have sufficient notice. A hearing on the motion was set and held on 3 June 1971 and when neither the defendant nor his attorney appeared, the district judge "affirmed the original Order of O. F. Mason and dismissed the motion." The defendant received a copy of the order dated 3 June 1971 through the mail which he immediately took to his attorney in Shelby who "refunded his fees paid and turned the file over to him, and he employed Frank P. Cooke, Attorney, in Gastonia, N. C., to represent him."

The plaintiff and the defendant are both suitable persons to have the complete care, custody and control of the minor child. "(9) That the defendant has worked for four and a half years for City Floor Service, Inc. . . . as a laborer earning minimum wages and for the first quarter in 1971, earned the sum of $759.27, averaging $58.00 per week. That he continued to work for the City Floor Service, Inc. until approximately three weeks ago when he was discharged from his employment by reason of the fact that he felt that due to educational limitations, he could not do additional work that the company required in that the company required that he learn to be a mechanic and he is unable to read or write. That immediately thereafter, he went to work for Junior Costner, doing the same type of work . . . earning between $55.00 and $60.00 per week. That he is required to pay the sum of $20.00 per week for board and has been contributing $15.00 per week for the use and benefit of his minor child; his transportation to and from his work amounts to $5.00 per week, and he pays $5.00 per week to the McGinnis Furniture Company for a stereo which he bought prior to this action, and in addition contributes the sum of $3.00 or $4.00 each week for insurance on himself and the child. That he is required to pay the sum of $2.00 per day for his meals and incidental expenses. That the above basic expenses incurred by him are in addition to any unusual expenses such as clothing, medical, dental, etc. That the defendant owns no property, has never owned an automobile, cannot drive, has no bank account or any personal property of any value, and has $9.00 at the present time, and has never been able to comply with the Order of May 13, 1971, or the Order of June 3, 1971.

---

---

That this defendant at no time has willfully and intentionally failed and refused to comply with the terms of either Order, and has been economically situated to such an extent that it was impossible for him to comply with these Orders. That he borrowed money from his sister and has been unable to repay that at the present time, but has contributed money each week for the use and benefit of his child. * * * That the Court finds as a fact that the defendant is not in contempt for failure to comply with the monetary payments that are required by the former Orders."

The defendant is in arrears under the former order in the amount of $385 and has not paid the attorney's fees to the Honorable Basil L. Whitener in the amount of $100, and his failure to make the payments was not willful and contemptuous but was because of his inability to pay, "although he has applied himself to the best of his ability and is in good health and is working and has worked continuously."

Based on its findings and conclusions, the court denied the plaintiff's motion to find the defendant in contempt and entered an order modifying the order dated 13 May 1971 by (1) ordering the defendant to pay "each week the sum of $17.50 for the use and benefit of his minor child"; (2) relieving him of paying "the arrearage accumulated under the former Orders of this court"; (3) ordering him to "pay into the office of the Clerk of Superior Court this day the sum of $50.00, to be disbursed by the Clerk to Basil L. Whitener, attorney for the plaintiff, as part payment of attorney's fees. That he shall pay the balance of the sum of $50.00 as quickly as he is financially able to to so"; and (4) providing that plaintiff shall have the custody of the minor child and the defendant have specified visitation privileges.

The plaintiff appealed to the Court of Appeals.

*Basil L. Whitener and Anne M. Lamm for plaintiff appellant.*

*No attorney contra.*

HEDRICK, Judge.

Appellant contends "the court below erred in reversing and nullifying the prior lawful orders as to custody, support and

Gaddy v. Gaddy

alimony *pendente lite*" and "in entering its order without making conclusions of law." These contentions have no merit simply because the order appealed from merely modified the prior order with respect to the amounts the defendant was requried to pay as alimony *pendente lite* and child support. Judge Mason's conclusions, upon which the original order allowing alimony *pendente lite,* custody and child support, and counsel fees was based, were not reversed, nullified or modified by the order appealed from. Judge Mahoney merely made findings of fact from the evidence presented on plaintiff's motion to attach the defendant for contempt and defendant's motion in the cause to have the payments for alimony *pendente lite* and child support fixed in such an amount that "he can comply with the order." Judge Mahoney's findings, when compared with Judge Mason's findings as to the income, needs, expenses, and abilities of the plaintiff and the defendant, reflect the fact that the defendant and his attorney did not participate in the original hearing and that the circumstances surrounding the parties were not the same in September as in May. In May, Judge Mason found that plaintiff was employed and had take-home pay of $60 a week and that the defendant had take-home pay in excess of $75 a week. In September, Judge Mahoney found that the plaintiff had take-home pay of $83 a week and the defendant had take-home pay of $58 a week.

[1, 2]   Judge Mahoney's findings support the denial of plaintiff's motion to attach the defendant for contempt and clearly justify and support his order reducing the payments to be made by defendant from $40 per week to $17.50 per week. The finding that the defendant is a fit and proper person to have the exclusive care and custody of the child supports the order giving the defendant visitation privileges.

The order appealed from is affirmed.

Affirmed.

Judges BROCK and VAUGHN concur.